JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Burak Bilgec
75 Rock Road
Hawthorne, NJ 07506

**DEFENDANTS**
Vital Plus Pharmacy
10 West Broadway
Paterson, NJ 07505

**(b)** County of Residence of First Listed Plaintiff: **Passaic**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Passaic**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 203(d)
Brief description of cause:
FLSA - Failure to Pay Minimum Wage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 07/17/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Graham F. Baird

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BURAK BILGEC<br>75 Rock Road<br>Hawthorne, NJ 07506<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VITAL PLUS PHARMACY<br>10 West Broadway<br>Paterson, NJ 07505<br><br>　　　　&<br><br>GEORGE CHANG<br>t/d/b/a Vital Plus Pharmacy<br>10 West Broadway<br>Paterson, NJ 07505<br><br>　　　　Defendants | **JURY DEMANDED**<br><br>Civil Action No._____ |

## CIVIL COMPLAINT

Plaintiff, Burak Bilgec, by and through undersigned counsel, hereby files this Complaint against Defendants Vital Plus Pharmacy and George Chang and avers as follows:

## PARTIES

1. Plaintiff, Burak Bilgec (hereinafter "Plaintiff" or "Bilgec"), is an adult individual residing at 75 Rock Road, Hawthorne, Passaic County, New Jersey.

2. Defendant, Vital Plus Pharmacy (hereinafter "VPP"), upon information and belief is a sole proprietorship with a principal place of business at 10 West Broadway, Paterson, Passaic County, New Jersey.

3. Defendant, George Chang (hereinafter "Chang"), upon information and belief, is the sole owner of Vital Plus Pharmacy and is an "employer" as defined by the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL BACKGROUND

6. Prior to working for VPP Plaintiff and Chang had worked together at Walgreens Pharmacy.

7. Chang worked at Walgreens Pharmacy as a pharmacist while Plaintiff was a Pharmacy technician.

8. Plaintiff, in fact, considered Chang his friend and was a groomsman at Chang's wedding.

9. Plaintiff believed that Chang was trustworthy.

10. At some point prior to February 2017, Chang opened VPP, an independent pharmacy.

11. In or about March of 2017, Defendant Chang hired Plaintiff as the sole employee of VPP.

12. VPP stated that it would pay Plaintiff approximately $250.00 per week.

13. Plaintiff performed all the duties asked by him of Chang, including working as a pharmacy technician, working the register, cleaning, and marketing for VPP.

14. As a result of diligently performing the tasks assigned to him, Plaintiff worked in excess of forty (40) hours per week.

15. In or about March of 2017, Plaintiff requested that Defendants increase his wages due to all the hours he was working at VPP.

16. As a result of that conversation, Defendants drafted a written contact which Plaintiff signed on or about April 7, 2017.

17. Per Plaintiff's written agreement with Chang, Plaintiff was to earn $250.00 per week, twenty-five percent (25%) of net profits earned by VPP and fifty percent (50%) of net profits of certain products, including but not limited to V Shot Energy, sold at VPP.

18. Upon information and belief, Defendants never intended by pay Plaintiff as the parties agreed to in the written agreement.

19. Upon information and belief, Defendants were taking advantage of Plaintiff's friendship with Chang in order to pay Plaintiff less than minimum wage.

20. Due to Plaintiff's friendship with Chang and the trust that Plaintiff placed in that friendship, Plaintiff worked at VPP during the hours set by for him by Chang believing that Defendants would pay Plaintiff as per the April 7, 2017 agreement.

21. During the many hours Plaintiff worked at VPP, Plaintiff observed customers purchasing products, including but not limited to V Shot Energy, from VPP.

22. Upon information and belief, Chang did not track the profits made by VPP.

23. Upon information and belief, Defendant Chang did not track the amount of V Shot Energy that VPP sold.

24. Upon information and belief, VPP was earning a profit.

25. In accordance with the schedule set by Chang, Plaintiff consistently worked forty (40) hours per workweek.

26. In accordance with the schedule set by Chang, Plaintiff consistently worked additional hours, which resulted in him regularly working in excess of forty (40) hours each workweek.

27. However, due to Defendants' policies and practices, Defendant failed to pay Plaintiff for hours spent working in excess of forty (40) hours per week.

28. Regardless of the number of hours that Plaintiff worked per workweek, between March 31, 2017 through June 14, 2017, Defendants paid Plaintiff approximately $270.00 per week.

29. Due to Plaintiff only earning approximately $270.00 per week, Plaintiff earned less than Federal and/or New Jersey minimum wage.

30. Additionally, despite Plaintiff being aware that VPP was earning a profit, Plaintiff never received 25% of VPP's net profits.

31. Further, despite Plaintiff selling VPP's products, including V Energy Shot, and being aware that Defendant was earning a profit on the sales of V Energy Shot, Plaintiff never received the agreed to 50% of the net profits earned.

32. Following Plaintiff's first month at VPP, having not received any overtime, nor receiving any of the agreed to percentages of profits, Plaintiff approached Chang and requested that Defendants pay Plaintiff overtime and the agreed upon percentages of profits.

33. Defendants told Plaintiff that he was not eligible for overtime.

34. Defendants also reaffirmed that they would provide Plaintiff with the agreed upon percentages in profits.

35. Plaintiff requested that Defendants provide Plaintiff their reaffirmation in writing but Defendants refused.

36. Due to the trust Plaintiff placed in Chang due to their past friendship, Plaintiff continued to work at VPP based on the belief that he would be paid in accordance with the April 7, 2017 agreement.

37. Plaintiff never received any percentage of the profits from VPP.

38. On or about February 13, 2018, after confronting Defendants about failure to pay overtime and the agreed percentage of profits, Plaintiff left his employment with VPP.

## COUNT I
### Violation of the Fair Labor Standards Act
**(Failure to Pay Minimum Wage)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. At all times relevant herein, Defendants were employers within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

41. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

42. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

43. Under the FLSA, an employer must pay an employee a minimum wage of $7.25 per hour.

44. Between approximately March 31, 2017 through June 14, 2017, Defendants failed to pay Plaintiff minimum wage.

45. Defendants' conduct in failing to pay Plaintiff minimum wage was willful and not based upon any reasonable interpretation of the law.

46. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

### COUNT II
### Violation of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendants were employers within the meaning of the FLSA.  *See* 29 U.S.C. § 203(d).

49. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

50. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

51. Under the FLSA, an employer must pay an employee at least one and a half times his base rate for each hour worked in excess of forty hours per workweek.

52. Defendants failed to pay for hours worked by Plaintiff in excess of 40 per workweek.

53. Defendants' conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

54. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

### COUNT III
### Violation of New Jersey Wage Laws
### (Failure to Pay Minimum Wage)

55. The foregoing paragraphs are incorporated herein as if set forth in full

56. At all times relevant herein, Defendants were employers within the meaning of the New Jersey Wage Laws. *See* N.J.S.A. 34:11-56a32.

57. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

58. At all times relevant herein, Plaintiff was employed with Defendant an employee within the meaning of the New Jersey Wage Laws.

59. Under the New Jersey Wages Laws, an employer must pay an employee a minimum wage of $8.44 per hour in 2017 and $8.60 per hour in 2018.

60. Between approximately March 31, 2017 through June 14, 2017, Defendants failed to pay Plaintiff minimum wage.

61. Defendants' conduct in failing to pay Plaintiff minimum wage was willful and not based upon any reasonable interpretation of the law.

62. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### Violation of New Jersey Wage Laws
**(Failure to Pay Overtime Compensation)**

63. The foregoing paragraphs are incorporated herein as if set forth in full

64. At all times relevant herein, Defendants was an employer within the meaning of the New Jersey Wage Laws.  *See* N.J.S.A. 34:11-56a32.

65. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

66. At all times relevant herein, Plaintiff was employed with Defendant as an employee within the meaning of the New Jersey Wage Laws.

67. Under the New Jersey Wages Laws, an employer must pay a non-exempt employee at least one and one half times his base rate for each hour worked in excess of forty hours per workweek.

68. At all relevant times herein, Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the New Jersey Wage Laws.

69. Defendants' violations of the New Jersey Wage Laws include failing to pay Plaintiff for hours worked by him in excess of 40 per workweek.

70. Defendants' conduct in failing to pay Plaintiff properly was and is willful and was not based upon any reasonable interpretation of the law.

71. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT V
### Breach of Contract

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. As set forth above, Plaintiff entered into a written agreement with Defendant providing Plaintiff with $250.00 per week plus a percentage of net profits of VPP.

74. Plaintiff performed his obligations, working for Defendants at the hours he was scheduled and selling Defendants' products, thereby earning a profit for Defendants and upholding his part of the agreement in consideration for $250.00 per week in addition to 25% of VPP's profits and 50% of V Energy Shot Profits.

75. Despite VPP earning a profit, Defendants failed to pay Plaintiff the agreed to earnings.

76. Despite requesting payment and receiving affirmations from Defendants that Defendants would honor the written agreement and pay Plaintiff a percentage of the profits, Defendants, as of the date of this complaint, have failed to pay any of Plaintiff's earned profits.

77. As a result of Defendants failure to honor the written agreement that Plaintiff and Defendants entered into, Plaintiff has suffered damages as set forth herein.

## COUNT VI
## Common Law Fraud

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. As set forth above, Plaintiff entered into a written agreement with Defendant providing Plaintiff with $250.00 per week plus a percentage of net profits of VPP.

80. Additionally, Defendant made numerous promises to Plaintiff regarding paying Plaintiff net profits of VPP.

81. Despite the parties' written agreement and the oral promises made by Defendants, Defendants never intended to pay Plaintiff a percentage of net profits of VPP.

82. Upon information and belief, Defendants made the above promises to Plaintiff in order to keep Plaintiff working for Defendants at a rate less than minimum wage.

83. Due to Plaintiff's friendship and resultant trust of Chang, Plaintiff continued to work for Defendant at a rate below minimum wage because Plaintiff believed Chang's promises to pay him a percentage of VPP's net profits.

84. As a result of Plaintiff's reliance on Defendant's promises, Plaintiff has suffered damages as set forth herein.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff, Burak Biljec, demands judgment in his favor and against Defendants, Vital Plus Pharmacy and George Chang, and that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state wages and hours laws;

B. Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earning.  Plaintiff should be accorded those benefits illegally withheld;

C. Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage Laws in an amount equal to the actual damages in this case;

D. Defendant is to compensate Plaintiff for all profits Plaintiff would have received had it not been for the Defendants' breach of contract and fraud in an amount to be determined at trial;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

F. Any other further relief this Court deems just proper and equitable.

Date: <u>July 17, 2018</u>             **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: <u> s/ Graham F. Baird                              </u>

**GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
Two Penn Center

        1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Burak Bilgec*